AO 91 (Rev. 11/11) Criminal Complaint (modified by USAO for telephone or other reliable electronic means)

# UNITED STATES DISTRICT COURT
### for the
Southern District of Ohio

| | | |
|---|---|---|
| United States of America<br>v.<br>JERMAINE TREADWELL<br><br>*Defendant(s)* | ) ) ) ) ) ) ) | Case No. 3:21MJ190 |

FILED
RICHARD W. NAGEL
CLERK OF COURT

5/14/21

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **May 13, 2021** in the county of **Montgomery** in the **Southern** District of **Ohio**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and | Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Cocaine; and |
| 18 U.S.C. §§ 922(g)(1); and 924(a)(2) | Possession of a Firearm by a Prohibited Person |

This criminal complaint is based on these facts:
See affidavit of SA Robert Buzzard.

☑ Continued on the attached sheet.

*Robert M. Buzzard*
Complainant's signature

SA Robert Buzzard, FBI
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by **Telephone** (specify reliable electronic means).

Date: 5/14/21

City and state:

Hon. Sharon L. Ovington, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF APPLICATION

I, Robert Buzzard, hereby duly sworn, declare and state:

## INTRODUCTION

1. I am a Special Agent ("SA") of the Federal Bureau of Investigation ("FBI"), assigned to the Cincinnati Division, Dayton, Ohio Resident Agency. I therefore am an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 21 U.S.C. § 878. Moreover, I am an "investigative law enforcement officer" within the meaning of 18 U.S.C. § 2510.

2. I have served as an FBI SA since January 2002. I am currently assigned to the Cincinnati Division, Dayton Resident Agency and serve on the FBI's Southern Ohio Safe Streets Task Force (SOSSTF). Since 2002, I have participated in investigations involving narcotics trafficking and have received specialized training on the subject of narcotics trafficking and money laundering from the FBI. I have been personally involved in investigations concerning the possession, manufacture, distribution, and importation of controlled substances, as well as methods used to finance drug transactions. Based on my training and experience – including my participation in the investigations referenced above – as well as discussions and interactions with other experienced FBI SA's, Task Force Officers ("TFO"), and narcotics investigators, I am familiar with the manner in which drug traffickers and their organizations operate within the United States. I am also familiar with federal drug laws, and aware that it is a violation of 21 U.S.C. §§ 841(a)(1) and 846 to distribute and possess with intent to distribute controlled substances, as well as to conspire to do the same. Further, I am aware of federal firearm laws and know that possessing firearms in furtherance of a drug trafficking crime is a violation of 18 U.S.C. § 924(c)(1)(A) and possessing a firearm by a convicted felon is a violation of 18 U.S.C. §

922(g)(1).

## PURPOSE OF AFFIDAVIT

3. I make this affidavit in support of a criminal complaint, and seeks the issuance of an arrest warrant against JERMAINE D. TREADWELL (hereinafter TREADWELL) for violating the following federal statutes: possession with intent to distribute a mixture of substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1)/ 924(a)(2). The information contained in this Affidavit is largely based upon an investigation conducted by myself and other law enforcement officers. I have not included in this Affidavit all the facts known to me, but only that information sufficient to establish probable cause to believe the following: 1) that on May 13, 2021, in the Southern District of Ohio, TREADWELL committed a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), that being knowingly and intentionally possessing with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 2) that on May 13, 2021, in the Southern District of Ohio, TREADWELL committed a violation of 18 U.S.C. §§ 922(g)(1)/ 924(a)(2), that being possession of a firearm by a prohibited person.

## PROBABLE CAUSE

4. In 2018, myself, members of the FBI's Southern Ohio Safe Streets Task Force, and members of the Montgomery County Sheriff's Office RANGE Task Force began investigating Jermain TREADWELL for drug trafficking offenses. Intelligence received from RANGE Task Force members indicated TREADWELL was conducting car-to-car fentanyl sales around the Dayton Mall area in Miami Township, Ohio and Miamisburg, Ohio. More specifically, RANGE Task Force members interviewed more than one Confidential Informant

(CI) who were actively purchasing fentanyl from TREADWELL in 2018 and 2019. The Confidential Informant(s) explained to law enforcement officials that TREADWELL operated a cellular telephone number (known to law enforcement officials as a "money phone") to advertise, communicate, and coordinate car-to-car narcotics sales. I know through my training and experience that a car-to-car narcotics transaction is a method used by street level drug traffickers wherein they direct a drug customer to a certain area and pull up directly next to the customer in a vehicle to conduct a quick exchange of narcotics for U.S. currency. The car-to-car narcotics transactions are preceded by cellular telephone communications between the seller and the buyer wherein the seller directs the buyer to a specific location for the drug deal. The cellular telephone communications between the seller and buyer also include discussions pertaining to the amounts of narcotics being sold and the price.

5. I am also familiar with TREADWELL from a previous FBI investigation wherein he pled guilty on April 7, 2011 in the Southern District of Ohio (case number 3:10-CR-158) to Conspiracy to Distribute and Possess with Intent to Distribute 100 grams of heroin. TREADWELL was subsequently convicted and sentenced in that case to five years and three months incarceration. TREADWELL was released from federal prison in the later part of 2015. In the previous investigation of TREADWELL, he utilized cellular telephones (money phones) to coordinate the street-level sale of illegal narcotics. I also learned through the previous investigation TREADWELL used the street name/nickname "Bubba".

6. On April 8, 2019, RANGE Task Force Detective J. Samples interviewed an individual, hereinafter referred to as Confidential Informant One (CI1). CI1 was a user of street level amounts of heroin and fentanyl and indicated he/she had been purchasing those narcotics from TREADWELL for approximately one year. CI1 explained he/she would contact

TREADWELL on his cellular telephone (money phone) and place an order for narcotics. TREADWELL would direct CI1 to a general area in and around Miami Township/Miamisburg, Ohio and direct CI1 to call back when he arrived in that area. CI1 would place a second call to TREADWELL when he arrived in the area and TREADWELL would then direct him/her to a specific location to complete the transaction. Once CI1 arrived at the final destination, TREADWELL would arrive in a vehicle and conduct a car-to-car narcotics transaction with CI1. CI1 advised TREADWELL actively sells narcotics from approximately 9/9:30AM to 2:30PM or 3:00 PM and then from 4:00PM until whenever. CI1 knew TREADWELL paused his narcotics sales around 2:30PM/3:00PM because he had to pick his kid up from school.

7. On April 9, 2019, Detective J. Samples utilized CI1 to conduct a controlled purchase of fentanyl from TREADWELL. Prior to the purchase, Detective Samples met with CI1 in a pre-determined location and conducted a search of CI1's person and vehicle for contraband (none were found). CI1 was provided $50 in RANGE buy funds to purchase a street-level amount of fentanyl. CI1 was also equipped with a wireless monitoring device for RANGE members to listen to the narcotics transaction real time between CI1 and TREADWELL. CI1 contacted TREADWELL on his money phone and placed an order for fentanyl. TREADWELL directed CI1 to "get off at the mall." Once CI1 arrived in the area, he re-contacted TREADWELL on the money phone and was directed to an apartment complex in Miami Township, Ohio. TREADWELL arrived in the area of the apartment complex driving a maroon Chevrolet Impala registered to a female named Shacara D. Elijah. TREADWELL pulled his vehicle alongside CI1's vehicle (car-to-car) to conduct the transaction. CI1 provided TREADWELL $50 in RANGE buy funds and TREADWELL handed CI1 15 gel caps containing suspected fentanyl. Following the transaction, TREADWELL drove around the area and

conducted two illegal U-turns, which is a common counter surveillance measure utilized by drug traffickers to identify law enforcement surveillance units. CI1 met with Detective Samples at a pre-determined location and surrendered the suspected narcotics as evidence. CI1 and CI1's vehicle were searched again for additional contraband and none was found. The 15 gel caps were submitted to the Miami Valley Regional Crime Lab for analysis and were found to contain fentanyl, a Schedule II controlled substance.

8. In the Fall of 2019, myself and task force members executed a federal search warrant at a residence in Dayton, Ohio. During that search warrant, kilogram amounts of fentanyl and crystal methamphetamine were seized along with approximately 15 cellular telephones. In November of 2019, a search warrant was obtained to search the contents of the cellular telephones seized. Stored on one of the seized cell phones were multiple text messages, photos, videos, and call logs associated with the distribution of illegal narcotics. One of the contact phone numbers stored in the cell phone belonged to TREADWELL, aka "Bubba." I reviewed stored text messages in the seized cell phone and noted multiple text message communications with TREADWELL's number, wherein drug trafficking activities were discussed.

9. On January 15, 2020, I interviewed an individual, hereinafter referred to as Confidential Source One (CS1). CS1 has provided me truthful and reliable information in the past that resulted in the seizure of large quantities of illegal narcotics. CS1 was not providing information for consideration in a pending prosecution. CS1 advised she/he personally knew TREADWELL, aka Bubba to be selling multiple ounces of fentanyl/heroin per day to customers who reside in the Franklin, Ohio area. CS1 knew this information from direct conversations with TREADWELL. CS1 advised TREADWELL is residing in Centerville, Ohio.

10. In January of 2020, I issued an administrative subpoena to Dayton Power and Light (DP&L) for active utility accounts associated with TREADWELL's girlfriend Shacara D. Elijah. DP&L reported Elijah had an active utility account at 8070 Tmberlodge Trail, Centerville, Ohio (hereinafter **Location 1**). As previously stated in paragraph 9, TREADWELL utilized a vehicle registered to Elijah to conduct the controlled purchase of fentanyl on April 9, 2019.

11. On March 29, 2021 and continuing thereafter, I interviewed an individual, hereinafter referred to as Confidential Source Two (CS2). CS2 has provided me information, which has been verified through independent investigation and proven truthful. CS2 is providing information in exchange for consideration in a pending narcotics investigation/prosecution. CS2 advised she/he personally knows TREADWELL to be a narcotics trafficker operating in the Dayton, Ohio area. In the Summer and Fall of 2019, CS2 personally witnessed TREADWELL purchase multiple ounces of fentanyl, which TREADWELL intended to re-sale to individuals in the Dayton, Ohio area.

12. On May 6, 2021, I conducted surveillance at **Location 1**. During the surveillance, I observed TREADWELL enter a white Kia Stinger, bearing Ohio license plate number JES5999 (hereinafter **Vehicle 1**) that was parked in the attached garage at **Location 1**. TREADWELL was the sole occupant and driver of **Vehicle 1**. TREADWELL exited the garage and drove directly to a parking lot located at 1051 Miamisburg Centerville Rd., Washington Township, Ohio. Upon arrival, TREADWELL parked next to a white Ford sedan registered to a white female from Franklin, Ohio. I watched TREADWELL conduct a car-to-car narcotics transaction (based on my training and experience) with occupants of the white Ford sedan. Following the transaction, TREADWELL drove around the same parking lot slowly and

appeared to be conducting counter surveillance measures to ensure he was not being followed by law enforcement. I conducted a background check on the white female owner of the Ford sedan and noted she had multiple prior arrests for drug possession charges.

13. Approximately forty minutes after the first car-to-car transaction, TREADWELL arrived back at the same parking lot (1051 Miamisburg Centerville Rd.) in **Vehicle 1** and pulled next to a turquoise Chrysler sedan. TREADWELL conducted what appeared to be a car-to-car narcotics transaction with a white male occupant. Following the transaction, TREADWELL pulled away and again drove around the parking lot appearing to conduct counter surveillance measures. The registered owner of the Chrysler sedan was a white male with an address in Middletown, Ohio. I conducted a background check on the white male owner and noted several prior arrests for drug possession and tampering with evidence.

14. A registration check on **Vehicle 1** listed the owner as TREADWELL.

15. On May 7, 2021, I conducted surveillance at **Location 1** and observed **Vehicle 1** exit the garage and travel to the Centerville Middle School located at 7056 McEwen Rd. I noted the time was approximately 3:30PM and consistent with TREADWELL picking his kid up from school, consistent with CI1's reporting in paragraph 8. **Vehicle 1** traveled from the school back to **Location 1**. A short time later, **Vehicle 1** left **Location 1** and traveled to the parking lot of 1051 Miamisburg Centerville Rd. **Vehicle 1** backed into a parking spot and remained there for several minutes. The driver of **Vehicle 1** did not exit and did not appear to meet with any other vehicles before leaving. **Vehicle 1** eventually traveled back to **Location 1** and was observed parked in the garage. I noticed an electronic surveillance camera affixed to the exterior of **Location 1** above the garage. Based on my training and experience, I know drug traffickers install surveillance cameras on their residences and stash houses to alert them of law

enforcement presence or the presence of their adversaries.

16. On May 8, 2021, I interviewed another individual, hereinafter referred to Confidential Source Three (CS3). CS3 has provided me information in the past, which has been verified through independent investigation and proven truthful. CS3 is not providing information for consideration in a pending prosecution. CS3 reported he/she knows TREADWELL personally and knows him to sell illegal narcotics. CS3 advised TREADWELL utilizes "money phones" to sell narcotics and a lot of his customers are white males and white females who reside in Franklin and Middletown, Ohio. CS3 advised TREADWELL lives in the Centerville, Ohio area and his girlfriend/significant other is Shacara Elijah.

17. On May 10, 2021, I conducted a spot check at **Location 1** and observed **Vehicle 1** parked in the garage. Later that same day, I observed a white Jeep Cherokee, bearing Ohio license plate number JIJ5037 arrive at **Location 1** and park in the driveway. A registration check on the Jeep Cherokee listed TREADWELL as the registered owner and Shacara Elijah as an additional owner.

18. On May 11, 2021, I spoke with a representative of Dayton Power and Light (DP&L) and verified Shacara Elijah still has an active utility account at **Location 1**.

19. On May 12, 2021 I obtained federal search warrants, authorized by federal Magistrate Judge Sharon L. Ovington, for **Location 1** and **Vehicle 1**.

20. On May 13, 2021 myself and members of the FBI executed the search warrants. At the time of the search warrants, TREADWELL and Shacara Elijah were located inside **Location 1**. During a subsequent search of **Location 1**, myself and members of the FBI located in part: baggies containing a substance that field tested positive for the presence of cocaine, fentanyl residue, a digital scale, empty gel caps (consistent with the packaging and distribution of

suspected narcotics), a large sum of United States currency, a loaded Glock Model 19, 9mm semi-automatic handgun, and a loaded Romarm, Mini Draco, 7.62x39mm caliber, pistol. The Glock handgun was found between the mattresses of TREADWELL's bed and the Romarm Mini Draco pistol was found under the same bed in the master bedroom.

21. During the search of **Vehicle 1**, FBI members located a small Guard Security key consistent with padlocks commonly placed on storage units. Based on prior investigations involving TREADWELL, I knew he once had a storage unit at Guardian Self Storage located at 2080 Lyons Road, Miamisburg, Ohio.

22. FBI members contacted a representative at Guardian Self Storage and learned Shacara Elijah had Unit A 716 ( hereinafter **Storage Unit**) rented at the facility. Storage records indicate Shacara Elijah had the storage unit since April 2018.

23. I requested the assistance of Dayton Police Department Canine Officer Jeremy Stewart and his canine partner, Weston. Canine Weston is a State of Ohio certified narcotics canine. Officer Stewart and Weston conducted free air sniffs around several storage unit doors with no positive alerts. Officer Stewart and Weston then conducted a free air sniff around the exterior of the target **Storage Unit**. Canine Weston alerted to the odor of narcotics at the exterior storage unit door of Unit A 716. I also compared the key found on the keyring of **Vehicle 1** (Guard Security key) to the lock on the **Storage Unit** and the key fit the lock. A federal search warrant was obtained for the **Storage Unit**, authorized by U.S. Magistrate Judge Sharon L. Ovington on May 13, 2021. Upon execution of the **Storage Unit** search warrant, $60,000 in U.S. currency was recovered, along with a digital scale, cutting agents used to mix narcotics, the title to **Vehicle 1,** a Visa card in TREADWELL's name, and banking documents in TREADWELL's name. A 20-ton hydraulic press was also inside the **Storage Unit.** A hydraulic

press is used by drug traffickers to re-press narcotics after being mixed with cutting agents. Metal molds were located on the hydraulic press that contained suspected narcotics residue.

24. Following the search warrant at **Location** 1, TREADWELL was transported to the Montgomery County Sheriff's Office to be processed and interviewed. Prior to the interview, I advised TREADWELL of his Miranda Rights. TREADWELL agreed to answer questions without an attorney present and subsequently admitted to possessing and selling narcotics. TREADWELL agreed the baggies of suspected cocaine recovered from his residence, along with the drug trafficking paraphernalia items, belonged to him. TREADWELL also admitted knowledge of the firearms present inside his residence but claimed they belonged to his girlfriend Shacara Elijah.

25. On May 14, 2021, I consulted with ATF Special Agent Christopher Reed regarding the Glock handgun and Romarm Mini Draco pistol seized from TREADWELL's bedroom. Special Agent Reed advised both firearms are manufactured outside the State of Ohio and thus moved in interstate commerce to reach this state.

## CONCLUSION

26. Based on the facts set forth in the Affidavit, there is probable cause to believe that on May 13, 2021, in the Southern District of Ohio, TREADWELL knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and that on May 13, 2021, in the Southern District of Ohio, TREADWELL, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possess a firearm that had affected interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1)/ 924(a)(2).

*Robert M. Buzzard*
Robert Buzzard
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me on this
14th day of May, 2021.

*Sharon L. Ovington*
Sharon L. Ovington
United States Magistrate Judge